## AS TO PAYMENT BY BANK OF SAVINGS ACCOUNT.

### Circuit Court of Lucas County.

### DAVID ROBISON, JR., & SONS v. THOMAS A. UPTON.

### Decided, June 12, 1909.

*Banks and Banking—Burden of Proving Payment of a Savings Account—Charge of Court—Error.*

A bank, in an action by a depositor to recover the balance of a savings account, has the burden of proving an alleged payment or withdrawal by the depositor. The burden is not on the depositor to show the balance claimed and that payment has not been made.

*Hamilton & Kirby,* for plaintiff in error.
*C. T. Johnson,* for defendant in error.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Error to Lucas Common Pleas Court.

Upton sued plaintiffs in error, a banking firm, for an alleged balance of savings account, amounting to $178.66. The controversy between the parties is as to whether a certain payment of that amount was made by the bank to Upton upon one occasion, October 16, 1907. The bank admits that Upton had an account with it, but claims that on the date named he withdrew or checked out from the bank the amount claimed. A question is raised as to the burden of proof in the case. The court below instructed the jury that the burden was upon the plaintiff to show this alleged payment upon the account. It was urged upon the other side that as he was suing upon an alleged balance

of account, the burden was upon him to show that the balance was as claimed and that the payment had not been made. We think, however, that the contention of the depositor that the burden is upon the bank to show that he had withdrawn it, that he had received the payment, is correct. We think that the court did not err in this regard. The only other claim made is that the verdict rendered in the court below in favor of Upton was not justified by the evidence. The evidence is decidedly conflicting, and we have gone over it with care in an endeavor to ascertain the exact facts, and we can not conclude that the verdict of the jury is manifestly against the evidence. There are no other errors, I believe, claimed in the case.